ANN MARY MCHENRY *et al.* Plaintiffs in Error, *vs.* RACHAEL L. MCHENRY, Defendant in Error.

*Opinion filed February 25, 1911.*

1. TRUSTS—*courts are loath to disturb titles on oral evidence alone.* Courts are loath to disturb long standing titles to land upon oral evidence alone, and will not establish a trust where the evidence consists merely of ambiguous expressions and declarations of the party sought to be charged, and testified to after his death.

2. SAME—*what is necessary to establish trust ex maleficio.* To establish a trust *ex maleficio* as against a plea of the Statute of Frauds, the transaction by means of which the ownership of the property was obtained must be, in fact, a scheme of deceit which amounts to positive fraud.

3. SAME—*when equity will not declare a trust.* Equity will not declare a trust where the evidence shows that the grantor, without fraud and with full understanding, conveyed her farm to her brother's wife upon the agreement that he and his family should leave their home in a foreign State and move upon the farm, furnish the grantor with a home and keep the farm if it could be saved from the debts and encumbrances resulting from the grantor's improvidence in transactions with which the brother was not concerned, which agreement was carred out by the brother until his death and thereafter by his wife, who spent a large sum in paying taxes and interest and making improvements on the farm.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. GUY R. WILLIAMS, Judge, presiding.

CHARLES WALLACE, and J. J. NEIGER, (A. C. ANDERSON, of counsel,) for plaintiffs in error.

CHIPERFIELD & CHIPERFIELD, for defendant in error.

Mr. Justice Hand delivered the opinion of the court:

This was a bill in chancery filed by Ann M. McHenry, by her conservator, John J. Bergen, in the circuit court of Cass county, against Rachael L. McHenry and John McHenry, Jr., to require the said Rachael L. McHenry to reconvey to said Ann M. McHenry a farm containing three hundred acres, located in Cass county, on the ground that said Ann M. McHenry had been induced by John McHenry, Sr., a brother of Ann M. McHenry, by fraud, to convey said farm to Rachael L. McHenry, the wife of said John McHenry, Sr., under the pretext that said conveyance would the better enable John McHenry, Sr., to manage the business of her, the said Ann M. McHenry. The bill was answered, a replication was filed and proofs were taken, but pending the suit Ann M. McHenry died intestate, and Nancy Crum, a sister of Ann M. McHenry, to whom Ann M. McHenry had conveyed her interest in said farm subsequent to the appointment of said conservator, and John J. Bergen, ex-officio administrator of the estate of Ann M. McHenry, deceased, by leave of court filed an amended bill on behalf of Nancy Crum and the heirs of Ann M. McHenry, deceased, against Rachael L. McHenry and John McHenry, Jr., son of Rachael McHenry, to establish a trust on the east one hundred and sixty acres of said farm in favor of Nancy Crum and the heirs-at-law of Ann M. McHenry, deceased, as against Rachael L. McHenry and John McHenry, Jr., and for an accounting. The amended bill was answered and a replication was filed, and upon the hearing the bill was dismissed for want of equity, and this writ has been sued out to reverse said decree.

The amended bill charged that Ann M. McHenry was largely in debt and that she conveyed said farm to Rachael L. McHenry at the instance of her brother, John McHenry, Sr., with the understanding that John McHenry, Sr., and his family, would move onto the farm and from the pro-

ceeds of the farm would pay said indebtedness, and when such indebtedness was paid he would cause his wife to re-convey the east one hundred and sixty acres of said farm to Ann M. McHenry, and that said Ann M. McHenry should live with her brother and his family on the farm until said one hundred and sixty acres were re-conveyed to her; that John McHenry, Sr., died May 18, 1905, and that Rachael L. McHenry and her son, John McHenry, Jr., upon the death of John McHenry, Sr., repudiated said agreement to re-convey and said Rachael L. McHenry claimed to be the absolute owner of said farm. John McHenry, Jr., was in possession of the farm as tenant of Rachael L. McHenry.

The evidence shows that Ann M. McHenry was an un-married woman about seventy years of age; that she was the owner of four hundred and sixty acres of land situated in Cass county, which she had inherited from her father; that she was without business experience or judgment, and that by her imprudence, and by signing notes as surety, she had involved her estate in debt to such an extent that she was in great danger of losing her land; that she executed to one William Epler, a banker in Virginia, Cass county, a deed conveying to him all her land in trust, to enable him to sell the same and pay her debts; that said Epler wrote John McHenry, Sr., a brother of Ann M. McHenry, who lived in the State of Florida, that the estate of his sister was very much involved and that there was danger she would lose her land; that it would take $42 per acre of the value of her land to pay her indebtedness, and Epler urged him to return to Illinois and co-operate with him in selling her land and paying her debts and save something for her out of the land; that in 1890 John McHenry, Sr., returned to Illinois, and he and Epler sold one quarter of her land for $48.50 per acre and applied the proceeds of the sale toward the payment of her debts; that Ann M. McHenry was very anxious that the remainder of her land should not pass out of her family and that she should have

a home on the land; that Epler re-conveyed said three hundred acres to Ann M. McHenry, and soon thereafter Ann M. McHenry conveyed said three hundred acres to Rachael L. McHenry, her brother's wife; that John McHenry, her brother, and his family, returned to Illinois and moved onto the three hundred acre farm and Ann M. McHenry made her home with the family until shortly before this suit was commenced, when she went on a visit to her sister, when a conservator was appointed for her and the original bill in this case was filed; that the three hundred acre farm was not good farming land, was poorly improved, had been badly farmed and neglected, was run down, and was not, at the time it was conveyed to her brother's wife, worth to exceed $50 per acre, or $15,000, and was encumbered to the amount of $39 per acre, or $10,700, so that there was a margin therein at that time of not to exceed $4300.

While the evidence is conflicting, we think the great weight of the evidence shows that at the time the conveyance was made by Ann M. McHenry to Rachael L. McHenry it was agreed by and between John McHenry, Sr., and Ann M. McHenry that she was to convey said farm to his wife, and that he and his family would return to Illinois from Florida and move upon the farm and do what they could to save it from forced sale and as a home for himself and family and Ann M. McHenry, and that the farm, in case he gave Ann M. McHenry a home thereon during the balance of her life, should belong absolutely to Rachael L. McHenry, and that John McHenry, Sr., so long as he lived, and Rachael L. McHenry after his death, carried out said agreement with Ann M. McHenry in good faith, and that Ann M. McHenry was entirely satisfied with the arrangement until shortly before this bill was filed; that Rachael L. McHenry objected to returning to Illinois from Florida and declined to do so until she was assured a home would be provided for her and her family in Illinois, and the conveyance to her was made before she would consent

to return to Illinois; that Rachael L. McHenry was not present when the deed was made, but three disinterested witnesses who were, testified that Ann M. McHenry executed the deed, and that before it was executed its contents were fully explained to her and she understood the effect of the deed. Rachael L. McHenry owned a small property in Illinois which was encumbered for $600. On her return to Illinois she sold that property for $1800, and the $1200 remaining after the encumbrance was paid she used in improving the farm, and at the time her husband died she received $6000 in life insurance, and she used that amount also in improving the farm and paying interest and taxes thereon, and since her husband's death she and her son, John McHenry, Jr., have laid tile, built a barn and cleared much of the land which was in timber and underbrush and improved it for cultivation, and the greater part of the improvements have been placed or made upon the east one hundred and sixty acres of the farm.

Ann M. McHenry was called as a witness after she was adjudged to be insane, and it is upon her testimony, mainly, that the complainants rely to establish a trust, corroborated, as they claim, by the testimony of witnesses who testified to statements made by John McHenry, Sr., and Ann M. McHenry after the deed was executed and delivered, and out of the presence of Rachael L. McHenry, to the effect that Ann M. McHenry had an interest in said farm. On the contrary, an equal number of witnesses testified to statements made by Ann M. McHenry subsequent to the execution of the deed to Rachael L. McHenry, to the effect that she had stated she had no interest in the farm. The courts are very loath to disturb the title to lands of long standing upon oral evidence alone. In *Reeve* v. *Strawn*, 14 Ill. 94, on page 100, it was said: "Before we transfer the title to real estate upon the strength of parol testimony alone, the facts upon which such change is asked should be so con-

vincing as to leave no reasonable doubt in the mind of the court, and not, as in this case, consist of ambiguous expressions and uncertain declarations made by the party sought to be charged and testified to by witnesses after the lapse of several years."

It is said a resulting trust, by reason of the relations which existed between the parties, should be held to exist. The Statute of Frauds was pleaded. In *Davis* v. *Stambaugh*, 163 Ill. 557, it was held to be the settled doctrine of this court that equity does not, in the face of the statute, enforce verbal promises to convey real estate, and that the mere refusal of the trustee to execute an express trust, or the denial of the existence of a trust by a trustee, does not constitute such fraud as takes the case out of the statute, and that in order to take a case out of the statute and establish a trust *ex maleficio*, the transaction by means of which the ownership of the property is obtained must be, in fact, a scheme of actual deceit which amounts to a positive fraud. To the same effect is *Ryder* v. *Ryder*, 244 Ill. 297. The evidence in this case demonstrates no fraud was practiced on Ann M. McHenry by John McHenry, Sr., but that the transaction was one which was entered into by John McHenry, Sr., at the instance of Ann M. McHenry, and was free and open and was for their mutual benefit and the benefit of his family.

From a painstaking examination of this record we are of the opinion the chancellor before whom this case was tried reached a proper and just conclusion upon the evidence and the law, and that the decree entered by him should be affirmed.

The decree of the circuit court will be affirmed.

*Decree affirmed.*